# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **FREDERICK J. WEBB** | **CIVIL ACTION NO. 16-1338-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN KEITH DEVILLE** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed on behalf of petitioner Frederick J. Webb ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was filed in this court on September 23, 2016. Petitioner is incarcerated at the Winnfield Correctional Center in Winnfield, Louisiana. He challenges his state court conviction and sentence. He names Warden Keith Deville as respondent.

On March 12, 2012, Petitioner pleaded guilty to possession with intent to distribute marijuana in Louisiana's First Judicial District Court, Parish of Caddo. He was sentenced to 20 years imprisonment at hard labor.

In support of this petition, Petitioner alleges he received ineffective assistance of counsel because his attorney failed to file a motion to suppress.

For the reasons that follow, Petitioner is not entitled to the relief requested and his

petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1.  the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.  the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.  the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.  the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on March 12, 2012. Petitioner did not seek direct review of his conviction and sentence. Thus, his conviction and sentence became final on April 11, 2012, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was filed in this court on September 23, 2016. Since the federal clock began ticking on April 11, 2012, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before April 11, 2013. This petition was not filed until September 23, 2016, more than three years too late.

Petitioner filed his first application for post-conviction relief on April 8, 2014 in the state trial court. Review of his post-conviction relief proceedings continued until the Supreme Court of Louisiana denied relief on September 25, 2015. State v. Webb, 175 So.3d 954, 2015-962 (La. 09/25/15). To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. The federal petition currently before the court was filed in this court on September 23, 2016. Since the federal clock began ticking on April 11, 2012, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before April 11, 2013.

Petitioner did not file his petition until April 8, 2014.

Petitioner argues that pro se defendants are handicapped during the post-conviction relief proceedings because they are not provided appointed counsel at that stage of the proceedings. He claims pro se litigants should be granted lenity in pleadings in order to create a record. In support of this claim he cites Martinez v. Arizona, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012) and Trevino v. Thaler, 133 S.Ct. 1911 (2013). Martinez and Trevino recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitation and cannot be invoked to establish eligibility for equitable tolling. Compare Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 29th day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge